UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
NOV 14 2017

CLERK

STONEY END OF HORN,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

17-CV-01011-CBK

ORDER DIRECTING FORMER DEFENSE COUNSEL TO RESPOND TO CLAIMS OF INEFFECTIVE ASSISTANCE AND GRANTING MOTION FOR EXTENSION OF TIME TO ANSWER

The United States moves for an order directing former defense counsel to respond to claims of ineffective assistance set forth in End of Horn's motion under 28 U.S.C. § 2255. The United States also moves for an extension of time to answer.

The United States Court of Appeals for the Eighth Circuit has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances, including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations, (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client and (2) may only disclose such information

in "court-supervised testimony." ABA Comm. On Eth. And Prof'l. Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in End of Horn's motion under 28 U.S.C. § 2255, this Court has determined that the United States cannot respond to the allegation of ineffective assistance of counsel without attorney Terence J. Sutton's responding by affidavit to the specific allegations in the motion concerning his representation of End of Horn. If End of Horn opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his motion under 28 U.S.C. § 2255, those allegations will be stricken from his motion under 28 U.S.C. § 2255. Accordingly, it is hereby

ORDERED:

1. The United States' motion directing former defense counsel to respond is granted as follows:

   A. The clerk will send this Order and the attached Attorney-Client Privilege Waiver form to End of Horn;

   B. If the Attorney-Client Privilege Waiver forms are not signed and returned to the clerk for filing within 21 days, the allegations of ineffective assistance of counsel will be stricken from End of Horn's motion under 28 U.S.C. § 2255;

   C. If the Attorney-Client Privilege Waiver is signed and filed, the United States will forward a copy of the signed Attorney-Client Privilege Waiver form to Terence J. Sutton, along with a copy of this Order and End of Horn's § 2255 motion. Attorney Terence J. Sutton will, within 21 days of receiving the Attorney-Client Privilege Waiver form, provide and file with the clerk an affidavit responding to the

specific allegations in the § 2255 motion concerning his representation of End of Horn.

D. The United States' Motion for Extension is granted, and the United States will file its response no later than 30 days after the affidavit has been received.

Dated this 13th day of November, 2017.

BY THE COURT:

CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE

## ATTORNEY-CLIENT PRIVILEGE WAIVER

You have made a motion under 28 U.S.C. § 2255 alleging that you received ineffective assistance from your former lawyer, Terence J. Sutton. The Court has reviewed your motion and determined that an affidavit from your former lawyer concerning the specific allegations in your motion is necessary in order to evaluate your motion.

The American Bar Association advises your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This means that if you wish to proceed on your claims of ineffective assistance, you must allow your communications with your former counsel concerning the specific claims to be disclosed to the United States and to the Court.

If you wish to proceed with your claims of ineffective assistance of counsel as set forth in your § 2255 motion, you must sign this form and return it to the Court. The form authorizes your attorney to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by your § 2255 motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his representation of you. However, you should also know that the Court will strike the ineffective assistance of counsel claims in your motion if you do not authorize your attorney to give an affidavit in response to the ineffective assistance claims.

You must return this form within 21 days from the date of the Court's order directing the clerk to mail this waiver to you or the allegations of ineffective assistance of counsel will be stricken from your motion under 28 U.S.C. § 2255.

## AUTHORIZATION

I have read the document entitled "Attorney-Client Privilege Waiver." I hereby authorize my former attorney, Terence J. Sutton, to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by my motion under 28 U.S.C. § 2255.

Dated this ____ day of _____, 2017.

_____
Stoney End of Horn, Petitioner