UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| STONEY END OF HORN<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:17-CV-01011-CBK<br><br>ORDER |

## BACKGROUND

Petitioner filed this request to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on May 15, 2017. Petitioner challenges his conviction by jury of four counts of sexual abuse of a minor and assault resulting in serious bodily injury in this Court in September 2014, stating that he received ineffective assistance of counsel and that the court lacked jurisdiction to try his claims. He requests an evidentiary hearing. Petitioner previously appealed his conviction to the Eighth Circuit on May 28, 2015, challenging the sufficiency of evidence as to the sexual abuse and assault convictions, and arguing that the court should not have admitted hearsay evidence as to the assault conviction. Petitioner did not raise the issues stated here at his appeal.

Finding that the petitioner's claim was timely filed and that it was not plain from the face of the complaint that petitioner was not entitled to relief, this Court ordered service of petitioner's complaint on August 31, 2017. Doc. 4. The United States Attorney for the District of South Dakota filed an answer and motion to dismiss on January 26, 2018. Doc. 21. For the reasons stated below, petitioner's claims should be dismissed and his request for an evidentiary hearing denied.

**DECISION**

**I. Standard of Review**

To survive a motion to dismiss, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (*quoting* In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (*en banc*), Fed. R. Civ. P. 8(a)(2), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Factual allegations are construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). However, to determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. at 679 (2009). To avoid dismissal, a "plausible claim must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Torti v. Hoag, 868 F.3d at 671 (internal citations omitted). A complaint must allege "more than labels and conclusions." *Id.* (*citing* Twombly, 550 U.S. at 555).

Pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); *see also* Native Am. Council of Tribes v. Solem, 691 F.2d 382 (8th Cir. 1982). A pro se complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal citations omitted). However, although the courts are "properly solicitous of unrepresented persons that their constitutional rights have been impaired," nonetheless "this concern does not have to be carried so far as to require the acceptance of every unexpressed possibility as justifying a hearing on the theory that an insufficient petition might be amended to constitute a sufficient one." Hilliard v. U.S., 345 F.2d 252, 255-56 (10th Cir. 1965).

2

## II. Motion to Vacate, Set Aside or Correct Federal Sentence Pursuant to 28 USC § 2255

A federal prisoner may move to "vacate, set aside or correct" a federal sentence under § 2255 on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). For an error which is neither jurisdictional nor constitutional, however, § 2255 relief is available only if the error constitutes "a fundamental defect which inherently results in the complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). That is, § 2255 "is not designed for collateral review of errors of law committed by the trial court such as questions relating to the sufficiency of the evidence to support the conviction, irregularities in the grand jury procedure, or other errors in trial procedure which do not cross the jurisdictional line." Jackson v. U.S., 495 F.2d 349, 351 (8th Cir. 1974) (*per curiam*). Further, "§ 2255 cannot be made to do service for an appeal," and as such a petitioner "may not obtain § 2255 relief for unappealed errors to which no contemporaneous objection was made unless he can show both cause and prejudice." U.S. v. Ward, 55 F.3d 412, 413 (8th Cir. 1995); U.S. v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993) (internal citations omitted). The burden of proof is on the petitioner to demonstrate that the sentence must be vacated. Cassidy v. U.S., 428 F.2d 585, 587 (8th Cir. 1970).

## III. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, petitioner must demonstrate that "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. U.S., 67 F.3d 157, 162 (*citing* Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish prejudice, petitioner must demonstrate "a reasonable probability that the proceeding would have

ended in a different result without counsel's errors." *Id.* (internal citations omitted). The reasonableness of counsel's conduct is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* (*citing* Strickland at 690). Ineffective assistance of counsel claims are properly raised by way of a § 2255 proceeding. U.S. v. Jennings, 662 F.3d 988, 991 (8th Cir. 2011).

Petitioner specifically states that he has a valid ineffective assistance of counsel claim for the following reasons: (1) counsel failed to object to the coroner's qualifications as an expert witness or to object to the coroner's failure to perform an autopsy; (2) counsel failed to conduct pre-trial investigation of the sex abuse charges and failed to dismiss the sex abuse charges for lack of evidence or DNA; (3) counsel failed to call character witnesses on petitioner's behalf; (4) counsel failed to impeach the victim, who served as a witness, of sex abuse charges; (5) counsel failed to prepare diminished capacity, actual innocence, lack of premeditation, or intoxication defenses; (6) counsel failed to challenge the selection of jurors on the basis of race; (7) counsel failed to move for the lesser included offense of assault; and (8) counsel otherwise failed to obtain expert witnesses to testify on petitioner's behalf. These claims are addressed in turn.

As respondent correctly argues, petitioner cannot show that counsel's performance in any way prejudiced his defense with regard to the charge of second degree murder. This Court dismissed the second degree murder charge on the basis of precedent that the charge required proof that the death of the victim had occurred within a year and a day of the assault. There can be no prejudice as a result of counsel's conduct with regard to this dismissed charge. Petitioner's first allegation in support of an ineffective assistance of counsel claim is therefore without merit.

Petitioner's claim that counsel failed to conduct pre-trial investigation of the sex abuse charges and failed to dismiss the sex abuse charges for lack of evidence are similarly without merit. On appeal to the Eighth Circuit, petitioner raised a related claim: namely, that no reasonable jury

4

could have convicted him because there was no physical evidence of the alleged abuse. However, as the Eighth Circuit noted, "[n]o physical evidence was necessary: a victim's testimony alone can be sufficient to support a jury verdict." U.S. v. Stoney End of Horn, 829 F.3d 681, 685 (8th Cir. 2016). Here, petitioner does not indicate what pre-trial investigation should have taken place nor did he know what evidence his counsel failed to investigate. Even broadly construing petitioner's complaint, it is clear that he has not satisfied his burden to demonstrate "a reasonable probability that the proceeding would have ended in a different result without counsel's errors." Strickland at 687. Rather, as the Eighth Circuit noted, the victim's "testimony was sufficient to support the convictions." End of Horn at 685.

Petitioner next claims that counsel's failure to call character witnesses constitutes ineffective assistance of counsel, listing as such witnesses his mother, father, and "other family members." Petitioner does not state with specificity who counsel should have called beyond his mother and father, nor does he indicate what these character witnesses would have testified to or how that would have changed the outcome of his trial. Review of matters involving trial strategy for ineffective assistance of counsel claims is highly deferential. Middleton v. Roper, 455 F.3d 838, 848-49 (8th Cir. 2006). A counsel's decision not to call character witnesses is a matter of trial strategy. Anderson v. Hopkins, 113 F.3d 825, 832 (8th Cir. 1997) ("The trial attorney's deliberate decision not to use many of these witnesses was appropriately treated by the district court as a matter of trial strategy, not rising to the level of constitutionally deficient legal representation."); *see also* Griffin v. Delo, 946 F.2d 1356, 1359-60 (8th Cir. 1991), *opinion vacated and superseded on reh'g on other grounds*, 961 F.2d 793 (8th Cir. 1992). Here, the failure to call family members as witnesses was a reasonable trial strategy, as petitioner has not indicated what testimony, if any, either of his parents would have provided relevant to the conduct for which he was charged, and a jury would likely consider such testimony to be biased. Seymour v. Walker, 224 F.3d 542 (6th Cir.

5

2000). A counsel's decision not to call witnesses to testify regarding petitioner's character is reasonable, as such testimony could open the door for a government attack on the defendant's character. U.S. v. Best, 219 F.3d 192, 201-02 (2d Cir. 2000). Ultimately, as with petitioner's other claims, he has failed to show that counsel's decision not to call character witnesses at his trial prejudiced his defense.

Petitioner also states that counsel failed to impeach the victim of sex abuse charges, alleging that the victim stated on record that she was not sexually abused. Petitioner misstates the record. While the victim limited the dates and locations as to where the abuse occurred, she did not categorically deny being abused. JT 574: 8-19. Defense counsel properly moved for dismissal of Counts 1 and 2, granted by the Court, as occurring outside of Indian country and therefore beyond the Court's jurisdiction. JT 647: 10-17. As with petitioner's claims regarding the sufficiency of the evidence of the sex abuse charges, it is unclear how trial counsel failed to impeach the victim's testimony. Although the victim's testimony as to why she did not report the abuse earlier and explanation of her continued interaction with petitioner were, as the Eighth Circuit held, "proper areas for cross-examination and argument by the defense," in the end the victim's "credibility was a question for the jury." End of Horn at 685. Again, then, petitioner has not met his burden to demonstrate that the proceeding would have ended in a different result had his counsel cross-examined the victim in another manner during trial.

Petitioner states that defense counsel failed to prepare diminished capacity, actual innocence, lack of premeditation, or intoxication defenses, and that this constitutes ineffective assistance of counsel. Throughout trial petitioner claimed and continues to claim that he is actually innocent. The other strategies that petitioner requests his defense counsel use are inconsistent with a claim of actual innocence. Although "[a] tactical decision to pursue one defense does not excuse failure to present another defense that would bolster rather than detract from the primary defense,"

6

courts have routinely dismissed ineffective assistance of counsel claims for failure to present defenses inconsistent with the defense taken. Foster v. Lockhart, 9 F.3d 722, 726 (8th Cir. 1993) (internal citations omitted); *see, e.g.*, Vison v. True, 436 F.3d 412 (4th Cir. 2006); Nelson v. Nagle, 995 F.2d 1549 (11th Cir. 1993); State v. Harris, 870 S.W.2d 798 (Mo. 1994). Moreover, as counsel has noted, there is no evidence of petitioner's diminished capacity to suggest that such a defense would be warranted and voluntary intoxication is not a defense to a general intent crime. Nor is lack of premeditation. Petitioner's argument with respect to these claims is therefore without merit.

Petitioner claims ineffective assistance of counsel for counsel's failure to challenge the selection of jurors on the basis of race. Petitioner appears to object to the number of Native American jurors who participated in his trial. While this Court is sympathetic to the fact that it is often the case that few Native Americans participate in federal jury trials in this state, the District of South Dakota's Plan for the Random Selection of Grand and Petit Jurors, based on the random selection of jurors from the list of registered voters, is lawful: the Eighth Circuit has previously rejected Sixth Amendments challenges on the basis of race to the District of Nebraska's jury selection policy based, as is South Dakota's policy, solely on selecting jurors from voter registration lists. U.S. v. Sanchez, 156 F.3d 875 (8th Cir. 1998); *see also* U.S. v. Johnson, 169 F.3d 1092 (8th Cir. 1999). Further, petitioner has not alleged that there was any indication of improper motivation on the part of the selected jurors. Petitioner therefore fails to meet his burden of demonstrating that, had different members of the community served as jurors at his trial, a different outcome would have been reached.

Petitioner's claim that counsel failed to move for a lesser included offense to assault resulting in serious bodily injury is also inapposite. There was no evidence on record to justify conviction of a lesser offense, a requisite element of entitlement to a lesser included offense instruction. U.S. v. Herron, 539 F.3d 881, 886-87 (8th Cir. 2008). Nor has defendant suggested

7

that such evidence exists but that his counsel failed to present it. Ultimately, there is no "dispute" such that the jury could have "consistently f[ound] the defendant innocent of the greater and guilty of the lesser included offense." *Id.* Petitioner has therefore not shown any error on the part of his counsel that prejudiced his defense with regard to the inclusion of a lesser included offense.

Petitioner finally claims that counsel failed to obtain expert witnesses to testify on his behalf. As respondent notes, whether to call an expert to testify is a decision of trial strategy within counsel's discretion. Morelos v. U.S., 709 F.3d 1246, 1250 (8th Cir. 2013). Petitioner has not stated with any specificity which expert witnesses counsel should have called. Nor has he indicated how testimony given by expert witnesses would alter the outcome of his trial. As the Eighth Circuit found, "[t]he record as a whole . . . shows a convincing case" that petitioner committed assault resulting in serious bodily injury. End of Horn at 686. As noted above, the Eighth Circuit also held that the victim's "testimony was sufficient to support the convictions." Petitioner's conclusory statement that expert witnesses would alter the sufficiency of the evidence presented at trial is not credible.

**IV. Jurisdiction**

Petitioner claims that this Court does not have jurisdiction over the alleged crimes because the government did not prove that petitioner is an enrolled tribal member. Petitioner further claims that the government must prove that petitioner's victims are enrolled tribal members. Petitioner's argument is without merit. It is sufficient for federal jurisdiction under 18 U.S.C. § 1153 that the defendant in a criminal proceeding is an Indian: "Any Indian who commits against the person or property of another Indian *or other person* . . . within the Indian country, shall be subject to the same law and penalties as all other persons . . . within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153 (italics added for emphasis). The government submitted a trial stipulation wherein the parties agreed that petitioner is an enrolled member of the Sioux Tribe and

8

that the alleged offense occurred within Indian country. The Eighth Circuit has repeatedly upheld the validity of such stipulations as their "clear purport" is "admission to Indian status under the [§ 1153] statute." U.S. v. Martin, 777 F.3d 984, 993 (8th Cir. 2015) (*quoting* U.S. v. Nazarenus, 983 F.2d 1480, 1484 (8th Cir. 1993); *see also* U.S. v. Webster, 797 F.3d 531, 536 (8th Cir. 2015).

**V. Conclusion**

As a result of the foregoing, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

**ORDER**

Now, therefore,

IT IS ORDERED:

1. Respondent's motion to dismiss, Doc. 19, is granted.

2. Petitioner's motion to vacate, set aside or correct sentence and request for evidentiary hearing, Doc. 1, are denied.

Dated this 19th day of December, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge